# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM YOUNG, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:16-cv-02469-GMN-GWF <br><br> **ORDER** |

Pending before the Court is the Motion for Summary Judgment, (ECF No. 31), filed by Defendant United States of America ("Defendant").[1] Pro se Plaintiff William Young ("Plaintiff")[2] did not file a response, and the time to do so has passed. For the reasons discussed below, the Court **GRANTS** Defendant's Motion.

# I. BACKGROUND

This case arises out of Plaintiff's failure to pay his taxes for the years of 2006 to 2012. Specifically, Plaintiff alleges that he received a Notice of Levy on April 20, 2016, for $280,243.46. (Compl. at 2, ECF No. 1). Plaintiff contests this Notice by asserting that it is "legally void" because the Internal Revenue Service ("IRS") "failed to create and mail a statutory notice of deficiency for [the] years [of] 2006, 2007, 2008, 2009, 2010, 2011, and 2012 to Plaintiff by certified or registered mail as required by 26 U.S.C. §§ 6212(a) and 6213(a)."

---

[1] Also pending before the Court are Plaintiff's Motion for Summary Judgment, (ECF No. 17), Defendant's Motion for Partial Summary Judgment, (ECF No. 20), and Plaintiff's Motion for Leave to File Amended Motion for Summary Judgment, (ECF No. 26). Because the Court lacks jurisdiction over this matter, these Motions are **DENIED**.

[2] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

(*Id.* at 2). Plaintiff therefore asserts that because the IRS allegedly did not mail him the statutory notices of deficiency, he is not required to pay the money owed for those years. (*See id.* at 4).

Plaintiff filed his Complaint on October 21, 2016, asking the Court to "find that the tax assessments against Plaintiff for tax years 2006 – 2012 as enumerated in the 'Notice of Levy' are invalid because the IRS failed to create and mail the [statutory notices of deficiency] to Plaintiff." (*Id.* at 4). On September 19, 2017, Defendant filed the instant Motion for Summary Judgment, (ECF No. 31), alleging that the Court does not have jurisdiction over this case due to sovereign immunity. (*See* Mot. for Summ. J. ("MSJ") 12:22–23).

## II.  **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went

uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn

in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. DISCUSSION

Defendant states that "the Court need not resolve any factual disputes[ ] because the doctrine of sovereign immunity bars Plaintiff's suit in its entirety." (MSJ 12:22–23). "It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985); *United States v. Shaw*, 309 U.S. 495, 500–01 (1940); *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982); *Beller v. Middendorf*, 632 F.2d 788, 796 (9th Cir. 1980), *cert. denied*, 452 U.S. 905 (1981). Such waiver cannot be implied, but must be unequivocally expressed. *United States v. King*, 395 U.S. 1, 4 (1969). Where a suit has not been consented to by the United States, dismissal of the action is required. *Hutchison*, 677 F.2d at 1327. "It is axiomatic that the United States may not be sued without its consent and that the existence of such consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206 (1983). The party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).

Plaintiff fails to point to any statutory waiver of sovereign immunity in this case. Plaintiff asserts in his Complaint that the Court has jurisdiction pursuant to 26 U.S.C. §§ 6212(a) and 6213(a). (Compl. at 2). These statutes, however, do not waive sovereign immunity for the United States.

Moreover, the relief Plaintiff seeks is to have the Court "declare that the Internal Revenue Services' . . . tax assessments for the tax years 2006 – 2012 inclusive[ ] are invalid." (*Id.* at 1). The Declaratory Judgment Act, 28 U.S.C. § 2201, provides courts the ability to declare the rights and "other legal relations of any interested party seeking such declaration" except with respect to federal taxes. 28 U.S.C. § 2201(a); *see Handeland v. C. I. R.*, 519 F.2d

327, 329 (9th Cir. 1975) ("Congress has barred federal courts from giving declaratory judgments in tax matters."). Although Plaintiff seeks declaratory relief, his cause of action centers solely around federal taxes, therefore precluding him from using the Declaratory Judgment Act. Because Plaintiff has failed to prove that Defendant waived its sovereign immunity, the Court cannot exercise jurisdiction over this case. Accordingly, Plaintiff's case is dismissed.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, (ECF No. 31), is **GRANTED**. The Court does not have jurisdiction over this case and therefore all claims against Defendant are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 17), Defendant's Motion for Partial Summary Judgment, (ECF No. 20), and Plaintiff's Motion for Leave to File Amended Motion for Summary Judgment, (ECF No. 26), are **DENIED**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this __28__ day of November, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge